**Twana ADAMS, et al., Plaintiffs,**

v.

**NEW YORK STATE EDUCATION DEPARTMENT et al., Defendants.**

**No. 08 Civ 5996(VM).**

United States District Court, S.D. New York.

Sept. 22, 2010.

Joy Hochstadt, Joy Hochstadt P.C., New York, NY, for Plaintiffs.

Antoinette W. Blanchette, Blanche Jayne Greenfield, New York City Law Department, New York, NY, for Defendants.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

By Order dated August 6, 2010 (the "Order"), issued at a hearing held on that date by Magistrate Judge Andrew Peck, a monetary sanction in an amount of $5,000 was imposed against attorney Joy Hochstadt ("Hochstadt"), counsel for one group of plaintiffs in the case at hand. The penalty arises from what Magistrate Judge Peck characterized as willful non-compliance with a scheduling order directing plaintiffs to file by a specified date their briefs responding to defendants' motions to dismiss the Fourth Amendment Complaint. Hochstadt's co-counsel, Nicholas Penkovsky, who represents a second group of plaintiffs in this litigation, had complied with the scheduling order. Magistrate Judge Peck determined that as a consequence of Hochstadt's failure meet the deadline, defendants' counsel may have had to work longer hours on this matter during a weekend, and that a timely submission of Hochstadt's brief or a request for an extension might have avoided or minimized that inconvenience.

Hochstadt, by letters to the Court dated August 20, 2010, September 4, 2010 and September 17, 2010, objects to the Order. She explains that she made efforts to comply with the Order by submitting some

installments of her brief on the Court's electronic case filing ("ECF") system, but experienced difficulties finishing it sooner in part because of problems with her failing eyesight. However, Hochstadt fails to explain adequately why, by simple letter, ECF filing, or other expeditious means addressed to the Magistrate Judge or to defendants before the date due, she could not have requested an extension. In fact, it appears that it was not until after counsel for one group of defendants wrote to Magistrate Judge Peck to bring Hochstadt's missed deadline to the Court's attention that she filed her completed brief. Even so, that final memorandum was entered about four days late, having been submitted on August 6, 2010, the same day as the conference Magistrate Judge Peck scheduled to consider Hochstadt's non-compliance and at which the sanction at issue was imposed.

A district court evaluating a Magistrate Judge's order with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal support upon which the ruling is based are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Fed.R.Civ.P. 72(a).

In consequence, upon review of the Order and Hochstadt's objections, as well as other correspondence by the parties and materials in the record of this proceeding, including the transcript of the hearing before Magistrate Judge Peck on August 6, 2010 at which the Order was issued, the Court is persuaded that the sanction imposed against Hochstadt is warranted. The Court thus affirms the Order. However, taking into account that Hochstadt's conduct in other aspects of this litigation is the subject of additional sanctions proceedings now pending before Magistrate judge Peck, the Court modifies the Order to reduce the amount of the penalty to $1,000.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Order dated August 6, 2010 issued by Magistrate Judge Andrew Peck directing attorney Joy Hochstadt ("Hochstadt") to pay a monetary sanction for non-compliance with a Court scheduling order is affirmed, but modified to reduce the penalty imposed to $1,000; and it is further

**ORDERED** that by not later than October 25, 2010 Hochstadt may submit for the Court's approval a proposed plan scheduling full payment of this sanction.

**SO ORDERED.**